[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 16, 2011
JOHN LEY
CLERK

No. 10-10707
Non-Argument Calendar

D. C. Docket No. 1:03-cv-03594-GET
BKCY No. A93-72201-JEM

In Re:     PHYSICIANS RELIANCE ASSOCIATION, INC.,
PHYSICIANS RELIANCE MARKETING COMPANY,
PHYSICIANS RELIANCE ASSOCIATION INSURANCE
AGENCY, INC.,
MEDICAL PROSPECTIVE, INC.,

Debtors.

_____

PHYSICIANS RELIANCE ASSOCIATION, INC.,
BY AND THROUGH ITS Chapter 7 Trustee, James
R. Marshall,
JERRY L. SEWELL, Assignee of Physicians
Reliance Association, Inc.,

Plaintiffs-Appellees,

versus

GEORGE M. MEREDITH, II,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Georgia

(February 16, 2011)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant George Meredith, proceeding *pro se*, appeals the district court's order denying his post-judgment motion to dismiss in an underlying bankruptcy proceeding. On appeal, Meredith generally argues that he should not have been included in the bankruptcy proceeding in the first instance because he had "immunity," given that he was never insured by Physicians Reliance Association, Inc., ("PRA"), and that Jerry Sewell failed to provide proof of the same. He does not, however, directly challenge the default judgment entered against him based on his failure to receive service of the summons or complaint that ultimately led to the default judgment. Meredith also argues, for the first time, that Sewell "selectively prosecuted" the case to chill his First Amendment rights with respect to editorials that he wrote that were critical of several political figures and government affairs. Generally, we review the denial of a Fed.R.Civ.P 60(b)

motion for an abuse of discretion.  *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001).  However, we review *de novo* a claim brought under Rule 60(b)(4) challenging the judgment as void for lack of personal jurisdiction, as this type of claim presents a question of law.  *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009) (noting that while the Court generally reviews a district court's denial of a Rule 60(b) motion for an abuse of discretion standard, "*de novo* review of Rule 60(b)(4) challenges is warranted because a district court's failure to vacate a void judgment is *per se* an abuse of discretion"); *see also Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 920 (11th Cir. 2003) (reviewing *de novo* district court's denial of a Fed.R.Civ.P. 12(b) motion to dismiss for lack of insufficient service).  We review for clear error any factual findings regarding sufficiency of service.  *Prewitt*, 353 F.3d at 920.

"[P]*ro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). This liberal construction, however, "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted).  Despite the liberal pleading standard for *pro se* litigants, their failure to brief issues on appeal still

3

amounts to an abandonment of those issues. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Likewise, we will not consider arguments not presented to the district court and raised for the first time on appeal. *See Albra v. Advan, Inc.*, 490 F.3d 826, 828 n.1 (11th Cir. 2007).

> Rule 60(b) allows relief to a party from a final judgment due to:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time . . . ; (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . . reversed or vacated; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

Further, the Rule provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) not more than one year after the entry of the judgment or order or date of the proceeding." Fed.R.Civ.P. 60(c)(1). It is well established, however, that relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted). Moreover, an appeal of a ruling on a Rule 60(b) motion is narrow in scope, addressing only the propriety of the denial or grant of relief. *American Bankers Ins. Co. v. Northwestern Nat'l Ins. Co.*, 198 F.3d 1332, 1338

4

(11th Cir. 1999). As a result, Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal. *Id.*

"Generally, where service of process is insufficient, the [district] court has no power to render judgment and the judgment is void." *See In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). If not squarely raised below, a party waives any challenge to a default judgment on insufficient service of process grounds, absent a compelling showing that exception should be made. *Id.* at 1300 (holding that individual waived challenge based on Rule 60(b)(4), where he argued before the bankruptcy court only that judgment should be set aside under Rule 60(b)(1) and (b)(6)). These exceptions include: (1) a pure question of law if the refusal to consider it would result in a miscarriage of justice; (2) an objection not raised in the court below when the appellant had no opportunity to raise the objection; (3) an objection not raised below when there is at stake a substantial interest of justice; (4) an issue not raised in the lower court when the proper resolution is beyond any doubt; and (5) an issue for the first time if the issue presents significant questions of general impact or great public concern. *Id.* at 1301 (noting that "interests of substantial justice are generally equated with the vindication of fundamental constitutional rights, rather than a monetary judgment") (internal quotation marks omitted).

5

Here, Meredith fails to show that the district court erred in denying his motion to dismiss. Preliminarily, we will not consider his "selective prosecution" claim because it was not raised before the district court. As to the merits of his motion, the record shows that Meredith received service of the district court's order to show cause that ultimately led to a contempt order, and the district court did not err in denying his motion on this basis. To the extent Meredith challenges the underlying default judgment under Rule 60(b)(4), his motion did not specifically raise a claim that he did not receive service of PRA's complaint or summons in the underlying proceeding that led to default judgment, and as a result, he waived the claim.[1]

Because we see no merit to any of the arguments Meredith makes in this appeal, we affirm the district court's order denying Meredith's post-judgment motion to dismiss.

**AFFIRMED.**

---

[1] In any event, the record shows that Meredith received service of the summons and complaint, and therefore, has no grounds to challenge the default judgment.