[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14955
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-01297-CV-J-12-TEM

MICHAEL G. HARRIS,

                                                            Plaintiff-Appellant,

versus

CORRECTIONS CORPORATION OF AMERICA,

                                                            Defendant-Appellee,

PRISON REALTY TRUST, INC.,

                                                            Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 16, 2009)

Before BIRCH, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Michael G. Harris, proceeding pro se, appeals the district court's denial of his Fed.R.Civ.P. 60(b)(4)[1] motion for relief from an allegedly void judgment, in his employment discrimination lawsuit filed pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e-2, 3.

Harris's original complaint alleged that Corrections Corporation of America ("CCA"), his former employer, discriminated against him based on his race and ultimately terminated him in retaliation for filing an administrative complaint with the Equal Employment Opportunity Commission. A jury found in Harris's favor on his retaliation claim, but against him on his discrimination claims.

The district court, however, granted judgment as a matter of law ("JMOL") in favor of CCA on Harris's retaliation claim, and we affirmed this decision on direct appeal. See Harris v. Corrections Corp. of Am., 139 Fed.Appx. 156 (11th Cir. 2005) ("Harris I"). In that proceeding, Harris only raised substantive issues and did not challenge the timeliness of CCA's filing.

Harris then filed an initial Rule 60(b) motion ("Harris II"), alleging that CCA and the clerk's office committed fraud by misrepresenting that CCA's post-

---

[1]While Harris's also raised a claim under Rule 60(b)(6) below, he does not make this argument on appeal and any claim in this respect may be deemed waived. See Lucas v. W. W. Grainger, Inc., 257 F.3d 1249, 1255 n.1 (11th Cir. 2001).

2

trial motion was timely filed. The district court found that the motion was timely and no fraud had been perpetrated, and we dismissed Harris's appeal as untimely.

Harris then filed his second 60(b) motion, the instant proceeding, asserting that (1) CCA's post-trial motion for JMOL in Harris I was untimely filed, and (2) as a result, the district court lacked subject matter jurisdiction over this motion, which rendered its grant of JMOL in favor of CCA void under Fed.R.Civ.P. 60(b)(4). The district court rejected that motion for the same reasons and rationale as in Harris II. Harris now appeals.

Procedurally, we review application of the law of the case doctrine de novo. Transamerica Leasing, Inc. v. Inst. of London Underwriters, 430 F.3d 1326, 1331 (11th Cir. 2005). Substantively, we normally review a district court's denial of a Fed.R.Civ.P. 60(b) motion for abuse of discretion. Big Top Koolers, Inc. v. Circus-Man Snacks, Inc., 528 F.3d 839, 842 (11th Cir. 2008). Even so, Fed.R.Civ.P. 60(b)(4) motions "leave no margin for consideration of the district court's discretion" and are reviewed de novo. Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001). We "may affirm the district court's decision on any adequate ground, even if it is other than the one on which the court actually relied." Smith v. Allen, 502 F.3d 1255, 1265 (11th Cir. 2007) (quotation omitted).

Pursuant to the law of the case doctrine, a party may not relitigate issues that

3

were decided in an earlier stage of the same case, whether explicitly or by necessary implication. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1291 (11th Cir. 2005). We have found an implicit holding in cases where the issue in question was in some way a part of the prior proceeding. Transamerica Leasing, Inc., 430 F.3d at 1333.

Such a decision may only be challenged at a later time if (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made contrary decisions of law applicable to an issue, or (3) the prior decision was clearly erroneous and would work manifest injustice. Jackson v. States of Ala. State Tenure Com'n, 405 F.3d 1276, 1283 (11th Cir. 2005).

Rule 60(b)(4) provides that the district court may vacate a final judgment where "the judgment is void." Fed.R.Civ.P. 60(b)(4). "Generally, a judgment is void under [Rule] 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Burke, 252 F.3d at 1263 (quotation omitted). A party may not use Rule 60 as a substitute for a timely and proper appeal, however, and may not "bring up the underlying judgment for review" in an appeal from the denial of Rule 60(b) relief. Rice v. Ford Motor Co., 88 F.3d 914, 919 (11th Cir. 1996).

Motions under Rule 60(b)(4) must be brought "within a reasonable time."

4

Fed.R.Civ.P. 60(c)(1). Nevertheless, virtually any time is "reasonable" for challenges to void judgments under Rule 60(b)(4). See Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F.3d 1126, 1130-31 (11th Cir. 1994). Furthermore, "[t]he Supreme Court has stated, regarding a federal court's acquisition of subject-matter jurisdiction, that . . . 'a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings.'" Id. (quoting Ins. Corp. of Ireland, Ltd. v. Compagnie Des Bauxites de Guinee, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982)).

Because the entirety of Harris's present Rule 60(b) claim – that the district court lacked subject matter jurisdiction over CCA's post-trial motion – hinges on the timeliness of that motion, and because the district court previously found in Harris II that CCA's post-trial motion was timely, the district court's denial of Harris's original Rule 60(b) motion became the law of the case. Accordingly, Harris was not entitled to relief under Rule 60(b)(4), and we affirm.

**AFFIRMED.**[2]

---

[2] Harris's request for oral argument is denied.