[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15516
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 11, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:00-cv-01297-HWM-MCR

MICHAEL G. HARRIS,

Plaintiff-Appellant,

versus

CORRECTIONS CORPORATION OF AMERICA,

Defendant-Appellee,

PRISON REALTY TRUST INC.,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 11, 2011)

Before TJOFLAT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Michael G. Harris, proceeding *pro se*, appeals the denial of his motion for relief from a void judgment, filed pursuant to Fed. R. Civ. P. 60(b)(4), and the denial of his motion for reconsideration, filed pursuant to Fed. R. Civ. P. 59(e). The Rule 59(e) motion requested reconsideration of the district court's denial of the Rule 60(b)(4) motion. All Harris's current claims turn on the issue of whether his former employer, the Corrections Corporation of America ("CCA"), timely moved for judgment as a matter of law after the entry of judgment in the jury trial. Harris argues that the motion was not filed before the filing deadline and that the CCA's attorneys perpetrated a fraud upon the court. We note that Harris has raised two prior appeals in this case, *Harris v. Corrections Corp. of America (Harris I)*, 139 Fed. Appx. 156 (11th Cir. June 15, 2005) (per curiam), and *Harris v. Corrections Corp. of America (Harris II)*, 332 Fed. Appx. 593 (11th Cir. June 16, 2009) (per curiam).[1]  *Harris II* was, like the instant appeal, a challenge to the timeliness of the CCA's earlier motion for judgment as a matter of law. We denied Harris's appeal in that case, explicitly holding that we were barred from further consideration of the timeliness issue by the law of the case doctrine. *Harris II*, 332 Fed. Appx. at 595.

---

[1] Harris also filed an appeal between *Harris I* and *Harris II* that we dismissed for lack of jurisdiction. *See Harris II*, 332 Fed. Appx. at 594. In *Harris II*, we referred to the dismissed appeal as "*Harris II*."  However, we do not adopt that terminology here.

We review the denial of a motion pursuant to Fed. R. Civ. P. 60(b)(4) *de novo*. *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001). We also review the application of the law of the case doctrine *de novo*. *United States v. Bobo*, 419 F.3d 1264, 1267 (11th Cir. 2005). Finally, we review the denial of a Fed. R. Civ. P. 59(e) motion for reconsideration for an abuse of discretion. *Mays v. United States Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (per curiam).

A district court may relieve a party from a final judgment pursuant to Fed. R. Civ. P. 60(b)(4) if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Burke*, 252 F.3d at 1263 (quotation omitted).

However, "[u]nder the law of the case doctrine, both the district court and the court of appeals are bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case unless (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996) (per curiam).

3

A Fed. R. Civ. P. 59(e) motion for reconsideration cannot be brought solely to relitigate issues already raised in an earlier motion. *See Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (alteration in original) (quoting *Kellogg v. Schreiber* (*In re Kellogg*), 197 F.3d 1116, 1119 (11th Cir. 1999)).

In the instant case, all Harris's arguments turn on the question of whether the CCA timely filed its post-trial motion in 2003. In *Harris II*, we held that Harris's timeliness argument was foreclosed by the law of the case doctrine. Our holding from *Harris II*, rejecting the timeliness argument, is now itself the law of the case. Harris has not argued, and has presented no evidence to suggest, that any of the three exceptions to the law of the case doctrine apply. Likewise, his motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) sought to relitigate the matters already addressed with respect to the underlying Fed. R. Civ. P. 60(b) motion, and presented neither newly-discovered evidence nor manifest errors of law or fact.

Accordingly, we affirm the district court's denial of Harris's motions under Fed. R. Civ. P. 60(b)(4) and Fed. R. Civ. P. 59(e).

**AFFIRMED.**[2]

---

[2]      We deny Harris's request for oral argument as moot.