[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-16044
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:08-cv-60623-WPD

BANK OF MONGOLIA,

Plaintiff-Counter Defendant-
Appellee,

versus

M&P GLOBAL FINANCIAL SERVICES, INC., et al.,

Defendants-Counter Claimants,

STONELEIGH INTERNATIONAL LIMITED, et al.,

Defendants,

SENOL TASKIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 27, 2012)

Before CARNES, WILSON, and COX, Circuit Judges.

PER CURIAM:

Defendant Senol Taskin appeals the district court's denial of his Fed. R. Civ. P. 60(b)(4) motion filed on September 2, 2011, for relief from a default judgment. No reversible error has been shown. We affirm.

In December 2009, Plaintiff Bank of Mongolia sued Taskin in the Southern District of Florida for violating the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq*. Taskin received notice of the suit in January 2010, but he did not appear to defend himself. The clerk entered a default against him, and the Bank moved for a default judgment. The district court entered what it characterized as a default judgment against Taskin in April 2010, but had not at that time determined damages.

The court referred the case to a magistrate judge to determine damages. The magistrate judge issued a Report and Recommendation in October 2010, finding damages in the amount of $67,639,921.62. Taskin did not object to the Report and Recommendation. The district court adopted the magistrate judge's Report and Recommendation on damages on November 1, 2010, and entered final judgment.

In October 2010, after the magistrate issued her Report and Recommendation but before the November 1, 2010 Judgment, Taskin signed a declaration alleging,

2

among other things, that he did not have sufficient minimum contacts with Florida or the United States for the district court to exercise personal jurisdiction over him. We refer to Taskin's declaration as his First Motion. At that time, Taskin was not represented by counsel. The First Motion arrived in the district court on November 9, 2010. The Bank responded, but Taskin did not submit a reply.

The district court construed Taskin's *pro se* First Motion as a motion to alter or amend the judgment under Rule 59(e) and as a motion for relief from the judgment under Rule 60(b)(1) and (b)(4). Relevant here, the district court, at that time, considered whether it had personal jurisdiction over Taskin. It decided it did, and entered an order denying Taskin relief on January 14, 2011. Taskin did not appeal the denial of his First Motion.[1]

On September 2, 2011, Taskin, through counsel, moved under Rule 60(b)(4) to set aside the judgment as void for want of personal jurisdiction.[2] We refer to this motion as the Second Motion. The district court determined that it had already decided the personal jurisdiction issue in its January 14, 2011 Order. It denied the Second Motion as barred by the law-of-the-case doctrine. Taskin appeals.

---

[1] We are not reviewing the January 14, 2011 Order and express no opinion on its merits.

[2] Taskin also raised other arguments not at issue on this appeal.

3

We review only the district court's denial of Taskin's Second Motion. *See Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993). We do not review the underlying judgment. *See Glass v. Seaboard Coast Line R.R. Co.*, 714 F.2d 1107, 1109 (11th Cir. 1983). We review the denial of a Rule 60(b)(4) motion de novo. *See Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001). We can affirm on any ground supported by the record. *See* 28 U.S.C. § 2111; *Collins v. Seaboard Coastline R.R. Co.*, 681 F.2d 1333, 1335 (11th Cir. 1982).

The only relevant issue Taskin raises on this appeal is whether the law-of-the-case doctrine barred the district court from considering the merits of his personal jurisdiction argument.[3] Under the law-of-the-case doctrine, a court is "generally bound by a prior appellate decision of the same case." *Jackson v. Ala. State Tenure Comm'n*, 405 F.3d 1276, 1283 (11th Cir. 2005). Taskin contends the doctrine is inapplicable here because there is no prior appellate decision in this case. The Bank counters that a district court's resolution of an issue can become the law of the case. *See Harris v. Corr. Corp. of Am.*, 332 Fed. App'x 593, 595 (11th Cir. 2009).

We need not address whether the law-of-the-case doctrine was the proper means to dispose of Taskin's Second Motion because Taskin cannot use a Rule 60(b)

---

[3] Because we affirm the denial of the Second Motion on procedural grounds, we do not address the merits of Taskin's personal jurisdiction argument.

motion as a substitute for a timely appeal. *See Cavaliere*, 996 F.2d at 1115 (citing *Burnside v. E. Airlines, Inc.*, 519 F.2d 1127, 1128 (5th Cir.1975)); *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203–04 (5th Cir. 1993).

Here, Taskin is trying to appeal the denial of his First Motion through his Second Motion. The district court construed Taskin's First Motion as a Rule 60(b)(4) motion to set aside the judgment as void for want of personal jurisdiction. In its January 14, 2011 Order denying the First Motion, the district court specifically considered whether it had personal jurisdiction over Taskin, concluded that it did, and denied relief under Rule 60(b)(4). Taskin did not appeal the January 14, 2011 Order, and the time for appeal expired in February 2011. *See* Fed. R. App. P. 4(a)(1)(A). Over six months later, Taskin filed his Second Motion, which again claimed that the judgment is void for want of personal jurisdiction. That issue was decided when the district court disposed of Taskin's First Motion. If Taskin wanted us to review that issue, he should have appealed the denial of his First Motion. *See Latham*, 987 F.2d at 1204.

Even though Taskin was apparently without counsel from January to February 2011, *pro se* litigants are bound by the rules of procedure. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se*

litigants, we nevertheless have required them to conform to procedural rules.") (citing *Brooks v. Britton*, 669 F.2d 665, 666-67 (11th Cir. 1982)).

Because Taskin cannot use a Rule 60(b)(4) motion as a substitute for a timely appeal of his First Motion, we affirm the district court's denial of his Second Motion.

AFFIRMED.