[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10214
Non-Argument Calendar
_____

D.C. Docket No. 3:00-cv-01297-HWM-MCR

MICHAEL G. HARRIS,

Plaintiff-Appellant,

versus

CORRECTIONS CORPORATION OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 3, 2013)

Before HULL, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Michael G. Harris, proceeding *pro se*, appeals the district court's denial of

his motion for relief from a void judgment, filed pursuant to Federal Rule of Civil Procedure 60(b)(4), and subsequent denial of his motion for reconsideration, filed pursuant to Federal Rule of Civil Procedure 59(e).  Because his present appeal is his fourth from a district court's Rule 60(b)(4) determination, we briefly recount the procedural history of Harris's case.

In 2003, a jury found for Harris on his Title VII retaliation claim against his former employer, Corrections Corporation of America ("CCA"), and awarded him $750,000.  However, the district court granted CCA's post-trial renewed motion for judgment as a matter of law ("JMOL").  On appeal, this Court affirmed the district court's JMOL and concluded that the record did not contain sufficient evidence for a reasonable jury to conclude that Harris had an objectively reasonable belief that he was being discriminated against, or that Harris established a prima facie case of retaliation.  *Harris v. Corr. Corp. of Am.* (*Harris I*), 139 F. App'x 156, 159-60 (11th Cir. 2005).  We also noted that there was no legally sufficient evidentiary basis for a reasonable jury to conclude that CCA's proffered legitimate, nondiscriminatory reason for terminating Harris was in fact pretext for retaliation.  *Id.* at 160.

Since our decision affirming the district court's grant of JMOL in favor of CCA, Harris has filed multiple Rule 60(b)(4) and Rule 59(e) motions before the district court.  He has also brought before this Court multiple appeals from the

2

district court's denials of those motions.  *See, e.g.*, *Harris v. Corr. Corp. of Am.* (*Harris II*), 332 F. App'x 593 (11th Cir. 2009); *Harris v. Corr. Corp. of Am.* (*Harris III*), 433 F. App'x 824 (11th Cir. 2011).

## I.    Rule 60(b)(4) Motion

In 2012, the district court denied Harris's instant Rule 60(b)(4) motion and subsequently denied his motion for reconsideration.  In his present appeal, Harris argues that because CCA made no objections to the consistency of the jury's verdict or the jury instructions at the time of trial, CCA was precluded from filing any post-trial motions.  As a result, Harris argues, the district court had no subject matter jurisdiction to review CCA's renewed JMOL motion, and thus JMOL in favor of CCA is void.  Additionally, Harris argues that the judgment is void because the district court violated his due process rights.  We reject both claims as frivolous and affirm.

We review the denial of a motion pursuant to Federal Rule of Civil Procedure 60(b)(4) *de novo*.  *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001).  A district court may relieve a party from a final judgment pursuant to Rule 60(b)(4) if "the judgment is void."  Fed. R. Civ. P. 60(b)(4).  "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner

3

inconsistent with due process of law." *Burke*, 252 F.3d at 1263 (quotation omitted).

We reject Harris's first argument that the district court lacked subject matter jurisdiction over CCA's post-trial motion for JMOL. Harris argues that because CCA failed to object to any inconsistency in the jury verdict or to the jury instructions at the time of trial, CCA was prohibited from filing any post-trial motions. This argument is meritless, where CCA was not challenging the inconsistency of the jury's verdict or error in the jury instructions, but rather was challenging the sufficiency of the evidence presented at trial in its JMOL motion, and where CCA had properly preserved such post-trial motion by moving for JMOL at the close of all evidence. Harris has demonstrated no error on the part of the district court to exercise jurisdiction over that timely filed motion.

We also reject Harris's other argument that the judgment is void because the district court violated his due process rights by (1) failing to allow him time to respond to CCA's request to exceed the page limit in his motion for JMOL and (2) failing to notify Harris that the court would utilize the *McDonnell Douglas* framework in evaluating CCA's JMOL motion. Harris has not demonstrated how any error would rise to the level of a due process violation. Furthermore, we note that it is clear that the district court did not err in denying Harris's Rule 60(b)(4) motion.

II.    Rule 59(e) Motion for Reconsideration

Harris also challenges the district court's denial of his motion for reconsideration. We review the denial of a Rule 59(e) motion for reconsideration for an abuse of discretion. *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997). A Rule 59(e) motion for reconsideration cannot be brought solely to relitigate issues already raised in an earlier motion. *See Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (alteration in original) (quoting *Kellogg v. Schreiber* (*In re Kellogg*), 197 F.3d 1116, 1119 (11th Cir. 1999)).

To the extent that Harris's motion for reconsideration merely reiterated his previous arguments as to subject matter jurisdiction and due process violations, the district court properly denied his Rule 59(e) motion. *See Michael Linet*, 408 F.3d at 763. Furthermore, the new arguments that Harris raises in his motion for reconsideration—namely, that the district court should have granted his instant Rule 60(b)(4) motion because CCA never objected to it, and that the district court improperly determined that his Rule 60(b)(4) motion was untimely—do not present any newly-discovered evidence or show a manifest error of law or fact. *See Arthur*, 500 F.3d at 1343. Harris does not explain how the district court's

5

conclusion that CCA was not required to respond to a Rule 60(b)(4) motion filed seven years after the case was closed, and its denial of Harris's Rule 60(b)(4) motion even absent any opposition, is a manifest error of law such that the original JMOL order is void. *See id.* As for Harris's argument that the district court based its denial of Harris's motion on an improper conclusion that it was brought too late, this is not supported by the record. Although the district court noted that seven years had passed since the trial, its reasoning did not depend on this observation.

Accordingly, we affirm the district court's denial of Harris's motions under Rules 60(b)(4) and 59(e).

**AFFIRMED.**