[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15873
Non-Argument Calendar

_____

D. C. Docket No. 1:07-cv-00883-CG-N

J&M ASSOCIATES, INC.,

Plaintiff-Counter
Defendant-Appellee,

versus

FREDERICK ROMERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 22, 2012)

Before BARKETT, PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Frederick A. Romero appeals pro se the district court's denial of his motion to set aside the default judgment against him.  On appeal, Romero argues that the default judgment was void because the district court lacked personal jurisdiction and subject matter jurisdiction.  Romero also argues that J&M did not suffer any damages as a result of his opinion letter because J&M adopted and funded the VEBA plan before he wrote the letters.  Lastly, Romero argues that J&M's counsel should be sanctioned.

I.

We typically review for abuse of discretion a district court's ruling on a Rule 60(b) motion.  Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001).  However, we review de novo "a district court's ruling upon a Rule 60(b)(4) motion to set aside a judgment as void, because the question of the validity of a judgment is a legal one."  Id. (internal quotation omitted).  A judgment is void under Rule 60(b)(4) if the court that rendered the judgment lacked subject matter or personal jurisdiction.  Id.  When a licensed lawyer appears pro se, we do not provide his pleadings with the liberal construction customarily reserved for other pro se litigants.  Olivares v. Martin, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977).  A

2

defaulted defendant is deemed to have admitted the plaintiff's well-pleaded allegations of fact but not the conclusions of law. <u>Nishimatsu Constr. Co. v. Hous. Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975).

A.  <u>Personal Jurisdiction</u>

To determine personal jurisdiction, courts must first determine "whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute." <u>Sloss Indus. Corp. v. Eurisol</u>, 488 F.3d 922, 925 (11th Cir. 2007). Second, courts must "examine whether exercising jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction not offend traditional notions of fair play and substantial justice." <u>Id.</u> (internal quotation omitted). Because the Alabama long-arm statute permits the exercise of personal jurisdiction to the fullest extent permissible under the Constitution, the two inquiries merge. <u>Id.</u>  A challenge to minimum contacts will survive the imposition of a default judgment. <u>Baragona v. Kuwait Gulf Link Transp. Co.</u>, 594 F.3d 852, 854 (11th Cir. 2010) (per curiam).

Alabama courts have adopted the conspiracy theory of personal jurisdiction. <u>See</u> <u>Ex parte Reindel</u>, 963 So. 2d 614, 622-24 (Ala. 2007). To establish personal

3

jurisdiction under a conspiracy theory, the plaintiff must "plead with particularity the conspiracy as well as the overt acts within the forum taken in furtherance of the conspiracy." Ex parte McInnis, 820 So. 2d 795, 806-07 (Ala. 2001) (internal quotation marks omitted).  The elements of civil conspiracy in Alabama are: (1) concerted action by two or more persons to (2) achieve an unlawful purpose or a lawful purpose by unlawful means.  Luck v. Primus Auto. Fin. Servs., Inc., 763 So. 2d 243, 247 (Ala. 2000).

The district court did not err in denying Romero's motion to set aside the default judgment based on its conclusion that it had personal jurisdiction.  Based on the allegations in the complaint, J&M alleged the elements of conspiracy with particularity as well as an overt act taken in furtherance of the conspiracy in Alabama.  The complaint alleged that the purpose of the conspiracy was to make fraudulent representations to induce J&M to enroll in the VEBA plan.  The complaint further alleged that the six defendants, including Romero, worked together to achieve this purpose.  The complaint alleged that an overt act, in the form of a presentation to J&M about the benefits of enrolling in the VEBA plan, occurred in Baldwin County, Alabama.  According to the complaint, Romero permitted his co-defendants to present to J&M, at the Baldwin County presentation, an opinion letter he had written to an unrelated party in which he

4

represented that the Plan was not a tax-avoidance transaction and was not required to be reported or disclosed to the IRS.  J&M paid Romero a retainer fee on the same day as the Baldwin County VEBA plan presentation.  Lastly, the well-pleaded facts in the complaint establish that J&M made its contributions to the plan after receiving Romero's opinion letters.  Because contributions to the plan were made after receiving Romero's opinion letters, it was possible for J&M to have suffered damages as a result of Romero's opinion letter.  For the foregoing reasons, we conclude that the district court had personal jurisdiction over Romero.

B.  Subject Matter Jurisdiction

A district court has subject matter jurisdiction over all civil actions where (1) the suit is between citizens of different states and (2) the amount of controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  A federal court sitting in diversity jurisdiction applies the substantive law of the forum state, which, in this case, is Alabama.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S. Ct. 817, 822 (1938).

We readily conclude that the well-pleaded complaint establishes diversity jurisdiction.  There is complete diversity because the Plaintiff corporation is considered a citizen of Mississippi and none of the defendants are citizens of

5

Mississippi.  Additionally, the amount in controversy exceeds $75,000, and the complaint adequately alleges that J&M suffered damages as a result of Romero's conduct.

Because there is diversity jurisdiction over J&M's state law claims, the district court had subject matter jurisdiction.[1]  See 28 U.S.C. § 1332.  Romero's assertion that California law may provide him absolute immunity is irrelevant because Alabama law is the law applicable to this case.  See Erie R.R. Co., 304 U.S. at 78, 58 S. Ct. at 822.  Therefore, the district court did not err in denying Romero's motion to set aside the default judgment as void for lack of subject matter jurisdiction.

## II.

Romero's final argument on appeal—that J&M's counsel should be

---

[1]     Romero argues that the district court lacked subject matter jurisdiction because of preemption under ERISA.  However, we fail to see how a finding of complete preemption under ERISA would strip the district court of subject matter jurisdiction.  Assuming arguendo that J&M's state-law claims were completely preempted by ERISA, that preemption would be a basis for giving the district court federal question jurisdiction over those claims.  See 28 U.S.C. § 1331;  Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1280 (11th Cir. 2005) ("State law claims seeking relief available under § 502(a) are recharacterized as ERISA claims and therefore arise under federal law." (quotations and alterations omitted)).  In other words, if we accept as true Romero's argument regarding ERISA preemption, then not only would the district court have had diversity subject matter jurisdiction over J&M's claims, but it also would have had federal question subject matter jurisdiction over those claims.

sanctioned for "manufactur[ing] . . . false and fraudulent allegations"—is completely frivolous, and we decline to award sanctions under Rule 46(c).  See Fed. R. App. P. 46(c).

For the reasons above, we affirm the denial of Romero's motion to set aside default judgment.

**AFFIRMED.**[2]

---

[2]    In his reply brief, Romero argues for the first time that res judicata and collateral estoppel barred J&M's claims in federal court.  As these issues were not raised in his initial brief, Romero has abandoned these arguments.  See Timson v. Simpson, 518 F.3d 870, 874 (11th Cir. 2008).  Furthermore, because Romero's "Motion for Summary Disposition" (filed July 5, 2012) is based upon these same preclusion arguments, and because we find his arguments completely without merit, that motion is **DENIED**.

7