[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 00-15088

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2001
THOMAS K. KAHN
CLERK

D. C. Docket No. 95-01329-CV-AR-M

TAMMY BURKE,
ROYAL INSURANCE COMPANY

Plaintiffs-Appellees,

LINDA BURKE DANIELS,

Plaintiff-
Third-party defendant-
Appellee,

versus

JOHN SMITH,
HEYL TRUCK LINES, INC.,

Defendants-
Third-party plaintiff-
Appellants.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(May 31, 2001)**

Before DUBINA and KRAVITCH, Circuit Judges, and DUPLANTIER[*], District Judge.

KRAVITCH, Circuit Judge:

John Smith and Heyl Truck Lines, Inc. (collectively, the "Defendants") appeal the district court's order setting aside the dismissal of a wrongful death action filed against them by four plaintiffs. The district court initially dismissed the action pursuant to a voluntary settlement agreement and release. Subsequently, Tammy Burke ("Tammy"), one of the plaintiffs in the action, filed a motion for relief from judgment of dismissal, which the court granted pursuant to Fed. R. Civ. P. 60(b)(4). For reasons expressed below, we affirm in part and vacate in part, holding that the district court properly found the judgment void, but that it should have set aside the dismissal as to all parties, not merely as to Tammy.

## I. BACKGROUND

On May 25, 1995, four plaintiffs commenced an action against the Defendants for the wrongful death of Dennis Burke, who was killed in a trucking accident on April 17, 1995. The plaintiffs named in the complaint are (1) Linda Burke,[1] individually as the wife of Dennis Burke; (2) Linda Burke, as

---

[*]Honorable Adrian G. Duplantier, U.S. District Judge for the Eastern District of Louisiana, sitting by designation.

[1]Since the filing of this action, Linda Burke has changed her name to Linda Burke Daniels.

administratrix of Dennis Burke's estate; (3) Tammy Burke, Dennis Burke's daughter, by and through her mother and next friend, Linda Burke; and (4) Royal Insurance Company.[2] Tammy was seventeen years old at the time of her father's death and a minor under Alabama law.

Less than two months after the filing of the complaint, the Defendants settled the case for $987,500. In accordance with the settlement, Linda Burke ("Linda") released the Defendants from all claims brought by, inter alia, "the dependents of Dennis Robert Burke." The release, however, was signed solely by "Linda S. Burke, as Administratrix of the Estate of Dennis Burke" and by "Linda S. Burke, individually." Tammy did not sign the release, nor did Linda execute her signature in her capacity as "Next Friend" of Tammy. Pursuant to the settlement and a stipulation of dismissal, the district court dismissed the complaint with prejudice. It is undisputed that the district court neither appointed a guardian ad litem to represent Tammy nor conducted a fairness hearing with respect to the settlement agreement.

After reaching the age of majority, Tammy filed a motion in the original lawsuit pursuant to Fed. R. Civ. P. 60(b)(4), claiming the judgment of dismissal

---

[2]Royal Insurance Company, which provided worker's compensation insurance to Dennis Burke's employer, sued Defendants to recover the amounts paid to Burke's estate on the employer's behalf.

3

was void because no guardian ad litem had been appointed on her behalf and no hearing was held to determine the fairness of the settlement.[3] The district court granted the motion and reinstated the case. In a subsequent order, the district court clarified that the judgment of dismissal was set aside only as to Tammy, not as to the other original plaintiffs.[4] Defendants timely filed this interlocutory appeal, which we permitted under 28 U.S.C. § 1292(b).

## II. STANDARD OF REVIEW

This court typically reviews a district court's ruling upon a Rule 60(b) motion for abuse of discretion. See American Bankers Ins. Co. v. Northwestern Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999). However, "[u]nlike motions pursuant to other subsections of Rule 60(b), Rule 60(b)(4) motions leave no margin for consideration of the district court's discretion as the judgments themselves are by definition either legal nullities or not." Carter v. Fenner, 136 F.3d 1000, 1005 (5th Cir. 1998). Therefore, "[w]e review de novo . . . a district court's ruling upon

---

[3]Tammy also filed an action against her mother, Royal Insurance, and the Defendants, alleging that the original settlement was procured by fraud and that she had not received any of the proceeds from the settlement. See Burke v. Daniels, No. 98-AR-2544 (N.D. Ala. filed Oct. 6, 1998). In addition, Tammy sued the law firm of Hollingsworth & Associates for malpractice and breach of fiduciary duty. See Burke v. Hollingsworth & Assocs., No. 98-AR-2543 (N.D. Ala. filed Oct. 6, 1998).

[4]The court precluded Linda from participating in a suit against the Defendants unless she were to return all of the settlement proceeds. Linda did not return the money and admits that she no longer possesses any of the approximately $900,000 she received.

4

a Rule 60(b)(4) motion to set aside a judgment as void, because the question of the validity of a judgment is a legal one." Export Group v. Reef Indus., Inc., 54 F.3d 1466, 1469 (9th Cir. 1995); see also Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987) ("[T]here is no question of discretion on the part of the court when a motion is under Rule 60(b)(4).") (internal quotation marks and citation omitted).

## III.  DISCUSSION

### A.

Pursuant to Rule 60(b)(4), a court may relieve a party from a final judgment or order based on a finding that the judgment is void.  Fed. R. Civ. P. 60(b)(4). Generally, a judgment is void under Rule 60(b)(4) "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." In re Edwards, 962 F.2d 641, 644 (7th Cir. 1992) (citation and internal quotation marks omitted); see also Rice v. Ford Motor Co., 88 F.3d 914, 918 n. 7 (11th Cir. 1996).  A judgment also is void for Rule 60(b)(4) purposes if the rendering court was powerless to enter it.  Gschwind v. Cessna Aircraft Co., 232 F.3d 1342, 1346 (10th Cir. 2000).  Accordingly, at least one other circuit has held that a consent judgment is void where the parties fail to follow state requirements regarding the settlement of a minor's claim.  See Carter,

5

136 F.3d at 1009.

In the present case, the district court set aside the judgment of dismissal because (1) the court failed to appoint or consider the necessity of appointing a guardian ad litem to represent Tammy and (2) the court failed to hold a fairness hearing before dismissing Tammy's claims pursuant to the settlement agreement. Defendants contend on appeal that federal law does not entitle Tammy to either protection. In response, Tammy argues that a conflict of interest between her mother and herself necessitated the appointment of a guardian ad litem under federal law and that she was entitled to a fairness hearing under Alabama state law.

1.  Guardian ad litem

It is well established that "[t]he appointment of a guardian ad litem is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure." Roberts v. Ohio Cas. Ins. Co., 256 F.2d 35, 38 (5th Cir. 1958).[5] Rule 17(c) provides in part:

> The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

_____

[5]Under Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court is bound by cases decided by the former Fifth Circuit before October 1, 1981.

Fed. R. Civ. P. 17(c). Rule 17(c) does not require that a district court appoint a guardian ad litem in all cases. See Roberts, 256 F.2d at 39. Rather, "Rule 17(c) authorizes the district court to appoint a guardian ad litem 'for an infant . . . not otherwise represented in an action . . . .'" Croce v. Bromly Corp., 623 F.2d 1084, 1093 (5th Cir. 1980) (citing Fed. R. Civ. P. 17(c)). In the present case, Tammy was "otherwise represented" by her mother who brought this action on her behalf. Thus, Rule 17(c) did not require the court to appoint a guardian ad litem. See Croce, 623 F.2d at 1093 (holding that failure to appoint guardian ad litem did not constitute error where minor was represented by mother bringing action on his behalf).

Furthermore, unless a conflict of interest exists between the representative and minor, a district court need not even consider the question whether a guardian ad litem should be appointed. See id. Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest. See id; see also Gonzales v. Reno, 86 F. Supp 2d 1167, 1185 (S.D. Fla. 2000), aff'd 212 F.3d 1338 (11th Cir. 2000) ("[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)."). Where it is evident that a

7

conflict of interest exists between the parent and minor, however, the district court has a duty to determine whether a guardian ad litem is needed. See In re Chicago, Rock Island & Pacific R.R. Co., 788 F.2d 1280, 1282 (7th Cir. 1986) ( "If there was some reason to think that [the infant's] mother would not represent [the infant's] interests adequately, the district court would, we may assume, be required (and certainly would be empowered) to appoint a guardian ad litem to represent [the infant].").

Here, Tammy's mother was a party to the lawsuit and had similar interests as Tammy. Therefore, we perceive no inherent conflict of interest between Tammy and her mother as representative. Furthermore, although Tammy alleges that her mother never gave her a share of the settlement proceeds, we cannot conclude from the record that an actual conflict existed at the time the case was before the district court. Accordingly, we hold that the district court was not required to consider whether or not the appointment of a guardian ad litem was necessary.

## 2. Settlement Hearing

Notwithstanding our holding on the issue of guardianship, we agree with the district court that it should have conducted a fairness hearing before dismissing Tammy's claims pursuant to the settlement agreement. Under Alabama law, a hearing to determine the fairness of a settlement must be held in order for that

settlement to be binding on a minor party, even where the minor is represented by a next friend or other guardian.  See Large v. Hayes, 534 So. 2d 1101, 1105 (Ala. 1988) ("This Court has recognized the special nature of an attempted settlement of a minor's claim.  Before such a settlement can be approved, there must be a hearing, with an extensive examination of the facts, to determine whether the settlement is in the best interest of the minor.") (citation omitted); Abernathy v. Colbert County Hosp. Bd., 388 So. 2d 1207 (Ala. 1980).  Defendants do not dispute that Alabama law requires a hearing, nor that the district court failed to conduct one in this case.  Rather, they argue that Alabama law is not controlling on this issue because the capacity of a minor to enter settlements is governed by federal procedural law, in particular Fed. R. Civ. P. 17(c).  We disagree.

A federal court sitting in diversity is required to apply state substantive law and federal procedural law.[6]  See Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). As recognized by the Supreme Court, however, "[c]lassification of a law as 'substantive' or 'procedural' for Erie purposes is sometimes a challenging endeavor." Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 416 (1996). To aid courts in this "challenging endeavor" the Supreme Court developed a two-part

_____

[6]Plaintiffs filed the present action in the District Court for the Northern District of Alabama, alleging diversity jurisdiction under 28 U.S.C. § 1332.

9

test in <u>Hanna v. Plumer</u>, 380 U.S. 460 (1965). Under the <u>Hanna</u> test, "when the federal law sought to be applied is a congressional statute or Federal Rule of Civil Procedure, the district court must first decide whether the statute is 'sufficiently broad to control the issue before the court.'" <u>Alexander Proudfoot Co. World Headquarters L.P. v. Thayer</u>, 877 F.2d 912, 917 (11th Cir. 1989) (citing <u>Hanna</u>, 280 U.S. at 471; <u>Walker v. Armco Steel Corp.</u>, 446 U.S. 740, 749-50 (1980)). If the federal procedural rule is "sufficiently broad to control the issue" and conflicts with the state law, the federal procedural rule applies instead of the state law.[7] <u>See</u> <u>Cohen v. Office Depot, Inc.</u>, 184 F.3d 1292, 1296 (11th Cir. 1999) (explaining that "if the state law conflicts with a federal procedural rule, then the state law is procedural for <u>Erie</u>/<u>Hanna</u> purposes regardless of how it may be characterized for other purposes"). If the federal rule does not directly conflict with the state law, then the second prong of the <u>Hanna</u> test requires the district court to evaluate "whether failure to apply the state law would lead to different outcomes in state and federal court and result in inequitable administration of the laws or forum shopping." <u>Cohen</u>, 184 F.3d at 1297 (citing <u>Hanna</u>, 380 U.S. at 468).

Applying the principles from <u>Hanna</u> and its progeny to this case, we first

---

[7]The only rare exception to this rule "is where the advisory committee, the Supreme Court, and Congress have collectivly erred and adopted a federal procedural rule that is either unconstitutional or should not have been adopted under the Rules Enabling Act process because it is a matter of substantive law." <u>Cohen</u>, 184 F.3d at 1296-97.

10

note that Rule 17(c) does not conflict with Alabama's law concerning the settlement of a minor's claims. Unlike Alabama law, Rule 17(c) does not address the conditions under which a minor's claims may be contractually settled or released. See Fed. R. Civ. P. 17(c). Instead, it simply deals with the court's obligation to protect the interests of a minor party through the appointment of a guardian ad litem or other representative. See Eagan v. Jackson, 855 F. Supp. 765, 775 (E.D. Pa. 1994) ("[T]he thrust of Rule 17 [is] the acquisition of a proper representative for an incompetent . . . . Rule 17(c) deals only with the protection of incompetents in their status as parties, and gives no general powers over their persons or property.") (internal quotation marks and citation omitted). In contrast, Alabama law imposes the additional requirement of a fairness hearing when a representative seeks to settle the claim of a minor. See Abernathy, 388 So. 2d at 1208-09. Because Rule 17(c) is not sufficiently broad to cover the disputed issue, it does not directly conflict with the Alabama rule. See Walker, 446 U.S. at 749-50. Accordingly, we proceed to the second prong of the Hanna analysis.

Although failure to apply Alabama law regarding settlement of minors' claims might not induce forum shopping, it would result in an "inequitable administration" of the laws. See Hanna, 380 U.S. at 468. Minors whose claims are settled in state court without a hearing could reassert their claims if later they

11

realize that the settlement was not in their best interests, yet minors settling in federal court would have no such recourse. Therefore, the claim of a minor in federal court could be contracted away by an unscrupulous guardian without that minor receiving the same protections afforded to a minor in state court. Such a result would discriminate against the minor whose state law claim is settled in federal court "solely because of the fortuity that there is diversity of citizenship between the litigants." Walker, 446 U.S. at 753. In addition, failure to apply Alabama's law on the settlement of a minor's claim runs contrary to the established principle that "the construction and enforcement of settlement agreements [are] governed by principles of state law applicable to contracts generally." Lee v. Hunt, 631 F.2d 1171, 1174 (5th Cir. 1980).

Therefore, we hold that Alabama law requiring a fairness hearing in order to bind a minor to a settlement agreement is a matter of state substantive law and was correctly applied in deciding the Rule 60(b)(4) motion.[8] Accordingly, we affirm the district court's finding that the judgment of dismissal was void under Rule 60(b)(4) due to the court's failure to conduct a hearing in the underlying action.

B.

---

[8]Although courts have not explicitly addressed whether the settlement of a minor's claim is a matter of state substantive law, at least two other circuit courts have applied state law to that issue. See, e.g., Barber v. Cincinnati Bengals, Inc., 41 F.3d 553, 558 (9th Cir. 1994); Dean v. Holiday Inns, Inc., 860 F.2d 670, 673 (6th Cir. 1988).

12

By order dated October 25, 1999, the district court granted Tammy Burke's Rule 60(b)(4) motion and vacated the judgment of dismissal. In a later order, however, the district court modified its initial order by setting aside the judgment of dismissal only as to Tammy. Specifically, the court directed Tammy to proceed as the sole plaintiff against the Defendants and precluded Linda from any participation in the case until and unless she returned the approximately $900,000 in settlement proceeds paid to her by the Defendants. Linda has not returned the money and admits that she no longer possesses it. On appeal, Defendants argue that the district court erred by not setting aside the entire judgment of dismissal and reinstating the claims of all the original plaintiffs.

As discussed <u>supra</u>, when it reviews a motion for relief from judgment under Rule 60(b)(4), a district court has no discretion: the judgment is either void or it is not. See <u>Carter v. Fenner</u>, 136 F.3d 1000, 1005 (5th Cir. 1998). If the judgment is void, the only relief that may be afforded under Rule 60(b)(4) is to set aside the judgment. See <u>United States v. One Hundred Nineteen Thousand Nine Hundred Eight Dollars</u>, 680 F.2d 106, 107 (11th Cir. 1982) ("Rule 60(b) is available, however, only to set aside the prior order or judgment. It cannot be used to impose additional affirmative relief."). Thus, the only option for the district court in this case was to set aside the entire judgment of dismissal rendered in the July 20, 1995

13

order.

Tammy does not dispute that the district court's only course of action upon finding the judgment void was to set aside that judgment. Rather, she argues that the July 20, 1995 order operated as four judgments, each dismissing the claims of one of the four plaintiffs and each capable of being valid or void without affecting the status of the other judgments. In that respect, Tammy asserts that it was proper for the district court to set aside the judgment merely as to her. Under the facts of this case, we disagree.

First, the July 20, 1995 order that Tammy claims operated as four judgments simply states that "this action is dismissed with prejudice." It does not name each plaintiff by name and then dismiss the action with respect to that particular plaintiff's action. Instead, it dismisses the action in its entirety pursuant to the parties' joint stipulation of dismissal. Therefore, we discern no reason to treat the order as four separate judgments.

Furthermore, because Defendants have already paid Linda the settlement money, part of which was intended for Tammy, Defendants would be unfairly prejudiced if they were forced to litigate the case with only Tammy as the plaintiff. In contrast, setting aside the judgment as to all plaintiffs would insure that all parties were returned to "square one" to the extent possible. Thus, we believe

14

justice would be served best by setting aside the judgment of dismissal as to all plaintiffs. See Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) ("The provisions of [Rule 60(b)] must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts.") (internal quotation marks and citation omitted).

Therefore, although we affirm the district court's finding that the judgment of dismissal was void, we vacate and remand its order setting aside the judgment only as to Tammy. On remand, we instruct the district court to set aside the judgment of dismissal as to all parties.

AFFIRMED in part, VACATED and REMANDED in part.