[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 6, 2007
THOMAS K. KAHN
CLERK

No. 06-15965
Non-Argument Calendar

_____

D. C. Docket No. 03-14014-CV-DMM

THEODORE M. BOWERS, for himself
and all others similarly situated,

Plaintiff-Appellant,

versus

J. SCOUTEN, Food
Service Director,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 6, 2007)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Theodore Bowers, proceeding <u>pro se</u>, appeals the district court's denial of

his motion to reconsider the dismissal of his complaint, filed pursuant to 42 U.S.C.

§ 1983, alleging that his Eighth Amendment rights were violated by Jon Scouten, the food service director at Avon Park Correctional Institution ("APCI"), and Aramark Correctional Services, Inc. ("Aramark"), the food service provider at APCI, based on defendants' alleged failure to provide him with a nutritionally adequate vegan diet. After considering Bowers's objections to the magistrate judge's recommendation to dismiss the complaint, the district court dismissed the action as to Aramark, for failure to state a claim upon which relief could be granted because Bowers's "respondeat superior" theory of liability was not cognizable under § 1983, and dismissed the action as to Scouten, without prejudice, for failure to timely serve process on Scouten. On appeal, Bowers argues that the district court erred by denying his motion for reconsideration because his due process and equal protection rights were violated when the district court closed his case without providing notice or opportunity to be heard.[1] After careful review, we affirm.

Bowers's "Motion to Reconsider," in which he asserted that the dismissal order was <u>void</u> for lack of notice, is best characterized as a Rule 60(b) motion for

---

[1] He also contends that the dismissal of his case as to Scouten, due to the lack of service, was error because he mailed a copy of the complaint to Scouten's last known address, citing Rule 5 of the Federal Rules of Civil Procedure. That rule, however, concerns the service of pleadings subsequent to the complaint. Fed. R. Civ. P. 5(a). As the plaintiff, Bowers was responsible for serving the summons and complaint on the defendant. <u>See</u> Fed. R. Civ. P. 4(c)(1). Our review of the record reveals that he was unsuccessful in serving Scouten over the course of <u>10 months</u>. The district court, therefore, did not abuse its discretion in dismissing Bowers's case without prejudice due to his inability to serve the defendant. Fed. R. Civ .P. 4(m) (providing 120-day time limit for plaintiff's perfection of service of the summons and complaint).

relief from judgment.  See Nisson v. Lundy, 975 F.3d 802, 806-07 (11th Cir. 1992) (stating that we may treat a motion as having been filed under Rule 60(b) as long as the motion states grounds that would be the basis for relief under Rule 60(b)). We generally review the denial of a Rule 60(b) motion for abuse of discretion. Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001).  However, we review de novo a district court's ruling upon a Rule 60(b)(4) motion to set aside a judgment as void.  Id. (internal citation and quotation omitted).

A Rule 60(b)(6) motion is intended "only for extraordinary circumstances." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000) (citation and quotations omitted).  And "[a]n appeal of a ruling on a Rule 60(b) motion . . . is narrow in scope, addressing only the propriety of the denial or grant of relief and does not raise issues in the underlying judgment for review."  Am. Bankers Ins. Co. of Fla. v. Northwestern Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999).

Rule 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding . . . (4) [if] the judgment is void; . . . or (6) [for] any other reason justifying relief from the operation of the judgment."  Fed.R.Civ.P. 60(b)(4), (6).  A judgment is void "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."  Burke, 252 F.3d at 1263 (citation and quotations omitted).

3

Here, the record belies Bowers's contention that he was not afforded the opportunity to be "heard" -- he filed an amended complaint, two objections to the magistrate judge's reports, and a supplement to his amended complaint. In short, Bowers has not shown that the district court's order was void nor that it presented an "extraordinary circumstance" that would relief under Rule 60(b)(4). Put simply, from our <u>de novo</u> review of the record, we cannot conclude that the district court abused its discretion in denying the motion for reconsideration.

**AFFIRMED.**