[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10478
Non-Argument Calendar

_____

D. C. Docket No. 07-00955-CV-ORL-18-KRS

DERICK SMITH,

Plaintiff-Appellant,

versus

PENNY L. BURNSIDE,
KIM DICKEY,
ANGELA FRYER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 29, 2008)

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

This is Derick Smith's <u>pro se</u> appeal of the district court's order striking his re-filed complaint in this 42 U.S.C. § 1983 civil rights action. After the district court dismissed his initial complaint without prejudice, a decision that Smith did not appeal within the time set forth by Federal Rule of Appellate Procedure 4(a)(1)(B), Smith re-filed a complaint in the same case. The district court struck the re-filed complaint and noted that if Smith wished to pursue his claims he should file a complaint in the proper venue, the Northern District of Florida. Smith contends that the district court abused its discretion by striking his re-filed complaint.[1]

Whether construed as a denial of leave to file an amended complaint, or as the denial of a Rule 60(b) motion, we review the district court's decision to strike Smith's re-filed complaint only for an abuse of discretion. See <u>Fla. Evergreen Foliage v. E.I. DuPont De Nemours and Co.</u>, 470 F.3d 1036, 1040 (11th Cir. 2006); <u>Burke v. Smith</u>, 252 F.3d 1260, 1263 (11th Cir. 2001).

The district court did not abuse its discretion by striking the re-filed complaint. It was not the proper vehicle for attacking a final judgment which was entered almost four months earlier. Moreover, even if the district court had

---

[1] We cannot consider the arguments Smith raises regarding venue because he did not file a timely appeal from the district court's dismissal of his initial complaint. Fed. R. App. P. 4(a)(1)(B); <u>see also</u> <u>Rinaldo v. Corbett</u>, 256 F.3d 1276, 1278 (11th Cir. 2001).

construed Smith's filing as a Rule 60(b) motion, that motion would have been due to be denied as Smith's claim was still barred. See Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372 (1994).

**AFFIRMED.**