[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15445
Non-Argument Calendar

_____

D. C. Docket No. 04-00914-CV-J-20TEM

GENE A. GRIER,
d.b.a. El-Amin Shelter & Care,

Plaintiff-Appellant,

versus

STATE OF FLORIDA, AGENCY FOR HEALTH
CARE ADMINISTRATION, et al.,

Defendants,

CITY OF JACKSONVILLE, FLORIDA,
a political subdivision,
ROBERT DICKSON,
individually,
STEPHANIE FOX,
individually,
ANDREW KANTOR,
individually,
ESQ. MICHAEL O. MATHIS,
individually, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(May 30, 2008)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Gene Grier appeals *pro se* from the district court's order denying his motion for relief from a void judgment, filed pursuant to Fed.R.Civ.P. 60(b)(4). Grier argues that because the district court had not adjudicated all of the claims in his 42 U.S.C. § 1983 complaint, the district court's judgment was not a final appealable order, and, thus, the judgment was void.

Normally, we review a district court's ruling upon a motion filed pursuant to Rule 60(b) for an abuse of discretion. *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001). However, we review a motion filed pursuant to Rule 60(b)(4) *de novo*. *Id*.

Under Rule 60(b)(4), a court may relieve a party from a final judgment if the judgment is void. Fed.R.Civ.P. 60(b)(4). "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."

2

*Burke*, 252 F.3d at 1263 (quotation omitted). A judgment is void when the court has no power to render judgment. *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). Furthermore, this court's predecessor stated that "[a] judgment is not void because it is erroneous." *William Skillings & Assocs. v. Cunard Transp., Ltd.*, 594 F.2d 1078, 1081 (5th Cir. 1979). "A final decision is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1368 (11th Cir. 1983) (quotation omitted).

We conclude from the record that the district court's judgment was not void because it had the power to enter a judgment in the case. Furthermore, the district court order dismissing Grier's § 1983 action was a final appealable order. Accordingly, we affirm the district court's denial of Grier's Rule 60(b)(4) motion.

**AFFIRMED.**