[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11563
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cv-00026-WKW-TFM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SIX THOUSAND SIX HUNDRED SEVENTY SIX ($6,676)
DOLLARS IN UNITED STATES CURRENCY, et al.,

Defendants,

RICHARD LAVON DURR,

Claimant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(December 23, 2014)

Before JORDAN, JILL PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Richard Durr appeals the district court's denial of his Fed. R. Civ. P. (Rule) 60(b)(4) motion to set aside a civil forfeiture judgment. Durr argues that the district court's order of forfeiture was void as a matter of law because possession of the defendant *res*—a total of $89,312 in United States currency—by the Dale County and Houston County Circuit Courts prevented a federal court from acquiring or exercising jurisdiction. After a thorough review, we affirm.

## I.

In April 2007, law enforcement officers from the Houston County Sheriff's Office initiated surveillance of a storage unit in Dothan, Alabama after receiving a tip from a confidential informant about suspected illegal drug activity. Officers approached Durr after observing him wrap up an object and place it in a cardboard box inside the storage unit. Officers were able to seize $6,676 in United States currency directly from Durr. They also found a handgun and marijuana inside his vehicle. After obtaining a search warrant, officers seized an additional $39,890 in United States currency from the storage unit. Officers later confirmed that Durr paid the rental fee on the storage unit.

In July 2007, following a tip from a confidential informant, officers from the Alabama Bureau of Investigation in Dale County executed a search warrant at a

2

residence in Dothan, Alabama and seized a total of $2,696 in United States currency, 25 pounds of marijuana, and a key for a Wachovia Bank safe deposit box. A search of the safe deposit box yielded an additional $40,050 in United States currency.

In January 2008, the United States filed a civil forfeiture action under 21 U.S.C. § 881(a)(6), seeking the forfeiture of the $6,676 and $39,890 found during the raid of the storage unit, as well as the $2,696 and $40,050 found in the residence and safe deposit box, as proceeds of illegal drug activity. According to the civil forfeiture complaint, the government had probable cause to believe that the currency seized was "furnished, or intended to be furnished, in exchange for controlled substances, or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate violations of 21 U.S.C. §§ 801 *et seq.*"

In March 2008, Durr filed a verified claim to the defendant property. But shortly thereafter he consented to forfeiture as part of a negotiated plea agreement on a state drug charge. The district court granted the United States' motion for consent judgment and ordered forfeiture of the defendant *res* to the United States under § 881(a)(6), finding that (1) Durr had consented to forfeiture, (2) there were no other potential claimants to the defendant currency, and (3) the time for asserting any such interest had expired.

In November 2013, Durr filed the instant Rule 60(b)(4) motion to set aside the district court's judgment and order of forfeiture. The district court denied the motion, concluding that it had properly exercised *in rem* jurisdiction over the defendant currency. Specifically, the court found that because no action related to the *res* had been instituted in a state circuit court in either Dale County or Houston County, no bar existed to the exercise of jurisdiction in federal court. Referring to the doctrine of "adoptive forfeiture"[1]—under which a federal court can adopt a state or local seizure and subsequently deem the property to have been seized by the federal government—the district court explained that only one court may have *in rem* jurisdiction over a *res*, "and the first court to acquire jurisdiction maintains it to the exclusion of other courts." In this case, the state courts had made no attempt to assert *in rem* jurisdiction. Moreover, jurisdiction did not automatically vest in the state courts immediately upon seizure by state authorities. The instant appeal followed.

## II.

Rule 60(b)(4) motions—unlike motions under other subsections of Rule 60(b)—"leave no margin for consideration of the district court's discretion as the judgments themselves are by definition either legal nullities or not." *Burke v.*

---

[1] *See* 18 U.S.C. § 981(b)(2)(C) (providing that a seizure may be made without a warrant if "there is probable cause to believe that the property is subject to forfeiture" and "the property was lawfully seized by a State or local law enforcement agency and transferred to a Federal agency").

4

*Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (citation omitted).  We therefore review *de novo* a district court's ruling on a Rule 60(b)(4) motion.  *See id.* Generally, a judgment is void under Rule 60(b)(4) "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."  *Id.* (citation omitted).  It is well settled, however, "that a mere error in the exercise of jurisdiction does not support relief under Rule 60(b)(4)."  *In re Optical Techs., Inc.*, 425 F.3d 1294, 1306 (11th Cir. 2005) (citation omitted).  Indeed, "[f]ederal courts considering Rule 60(b)(4) motions that assert a judgment is void because of jurisdictional defect generally have reserved relief for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction."  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (citation omitted).

We have long recognized that a court's *in rem* jurisdiction "must be exclusive," and a state court and a federal court therefore "cannot simultaneously exercise in rem jurisdiction over the same property."  *United States v. $270,000.00 in U.S. Currency*, 1 F.3d 1146, 1147 (11th Cir. 1993).  In order to avoid this conflict, "the principle, applicable to both federal and state courts, is established that the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other."  *Id.* at 1148.

5

Durr contends that "complete jurisdiction" over the defendant *res* attached first in the Dale County and Houston County Circuit Courts, thus barring subsequent jurisdiction within the federal court. Specifically, he argues that, under Alabama law, jurisdiction was vested in the state court when the defendant *res* was seized pursuant to a state-issued search warrant and that—contrary to the government's argument—the filing of a separate, third-party forfeiture complaint was not necessary to confer exclusive jurisdiction over the property. He maintains that the subsequent action in federal court did not divest the state court's jurisdiction over the defendant *res*.

In this case, we need not address whether *in rem* jurisdiction attached within the state court prior to the federal forfeiture proceedings because, under the governing standard for a Rule 60(b)(4) motion, we cannot say that this is one of the "exceptional case[s]" that lacks even an "arguable basis" for jurisdiction. *See United Student Aid Funds*, 559 U.S. at 271. The United States properly filed a complaint in the district court seeking civil forfeiture of the defendant property under 21 U.S.C. § 881(a)(6), as alleged proceeds of illegal drug activity in violation of 21 U.S.C. § 801 *et seq.* The district court subsequently entered a consent judgment following Durr's express consent to the forfeiture of the defendant *res* to the United States. Additionally, as explained by the district court, the notion that the federal government may adopt property seized pursuant to state

process and give to it the same effect as if it had been first seized by federal authorities is embodied within the operative characteristics of the long-accepted doctrine of adoptive seizure.[2]

Given that the district court at the very least possessed arguable subject-matter jurisdiction under § 21 U.S.C. 881(a)(6), that Durr consented to the forfeiture at the time of the judgment, that the record demonstrated that the state agreed to transfer the currency to federal authorities, and that no *in rem* proceedings had been instituted within the state courts, we have no basis to hold that the forfeiture judgment is void.  Durr therefore is not entitled to relief, and we affirm the district court's denial of Durr's 60(b)(4) motion.

**AFFIRMED.**

---

[2] *See, e.g., Taylor v. United States*, 44 U.S. 197, 205 (1845) ("At the common law any person may, at his peril, seize for a forfeiture to the government, and, if the government adopts his seizure, and institutes proceedings to enforce the forfeiture, and the property is condemned, he will be completely justified. So that it is wholly immaterial in such a case who makes the seizure, or whether it is irregularly made or not, or whether the cause assigned originally for the seizure be that for which the condemnation takes place, provided the adjudication is for a sufficient cause.").