[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11974
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cv-00031-MMH-JRK

DIVINE MOTEL GROUP, LLC,
d.b.a. Royal Inn,

                                                      Plaintiff-Appellee,

versus

ROCKHILL INSURANCE COMPANY,

                                                      Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 12, 2018)

Before TJOFLAT, MARCUS and NEWSOM, Circuit Judges.

PER CURIAM:

Defendant-Appellant Rockhill Insurance Company ("Rockhill") appeals

from the district court's denial of attorneys' fees under Florida's Offer of Judgment

Statute, Fla. Stat. § 768.79, because Rockhill failed to comply with Fla. R. Civ. P.

1.442(b).  On appeal, Rockhill argues that Rule 1.442(b) is procedural for purposes of the Erie[1] Doctrine, and, therefore, does not apply in a federal diversity action. After careful review, we affirm.

The relevant procedural background is this.  Divine Motel Group, LLC ("Divine") filed a breach-of-contract action against Rockhill in a Florida court on November 14, 2013.  Rockhill filed a notice of removal to federal court on January 7, 2014.  Ten days later, Rockhill served Divine with a proposal for settlement, pursuant to Fla. Stat. § 768.79 and Fed. R. Civ. P. 68.[2]  Divine did not accept the proposal within 30 days, as contemplated by the Florida statute.  In July 2015, the

---

[1] Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

[2] The Florida statute provides, in part:

In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him . . . from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.

Fla. Stat. Ann. § 768.79(1).  And Rule 68 provides, in part:

At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment. . . . .  An unaccepted offer is considered withdrawn . . . .   If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. P. 68.

2

district court granted summary judgment in favor of Rockhill.  The judgment was affirmed in July 2016.  Rockhill then moved for attorneys' fees and costs based on the January 2014 settlement offer and pursuant to § 768.79, 28 U.S.C. § 1920, and Fed. R. Civ. P. 54(d) and 68.  The district court awarded costs but denied attorneys' fees.  It noted that Rockhill failed to wait 90 days after the action commenced to present its settlement proposal, as required under § 768.79's implementing rule, Fla. R. Civ. P. 1.442.[3]  The court concluded that Rule 1.442(b), which establishes the timing for offers of settlement under § 768.79, is substantive law and applies in federal diversity actions.  This timely appeal followed.

"The question of which jurisdiction's law to apply is a legal one that we review de novo."  Esfeld v. Costa Crociere, S.P.A., 289 F.3d 1300, 1306 (11th Cir. 2002).  A federal court sitting in diversity jurisdiction applies the substantive law of the forum state, in this case Florida, and federal procedural law.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Horowitch v. Diamond Aircraft Indus., Inc., 645 F.3d 1254, 1257 (11th Cir. 2011).  To decide whether the district court properly applied Rule 1.442(b) to deny Rockhill's request for attorneys' fees, we must determine whether the rule is substantive or procedural for Erie purposes.

To make that determination, we use the Supreme Court's two-part test announced in Hanna v. Plumer, 380 U.S. 460 (1965).  Under the Hanna test, if the

---

[3]     Rule 1.442 provides, in relevant part, that "a proposal to a plaintiff shall be served no earlier than 90 days after the action has been commenced."  Fla. R. Civ. P. 1.442(b).

3

Florida law is in conflict with federal law, then we follow federal law so long as it is valid under the Constitution and the Rules Enabling Act. Id. at 472–74. Here, the parties agree that Rule 1.442(b) does not conflict with federal law. If no federal law is on point, then we apply the "outcome determinative test" set forth by Erie and its progeny, under which we evaluate "whether failure to apply the state law would lead to different outcomes in state and federal court and result in inequitable administration of the laws or forum shopping." Burke v. Smith, 252 F.3d 1260, 1265 (11th Cir. 2001) (quotations and citations omitted).

We have held that § 768.79 is substantive law for Erie purposes. See Jones v. United Space All., L.L.C., 494 F.3d 1306, 1309 (11th Cir. 2007). But we have determined that some portions of the statute's implementing rule, Rule 1.442, are substantive, while other portions of Rule 1.442 are not.

In Horowitch, we concluded that Rule 1.442(c)(2)(F), which requires an offer of judgment to "state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim," was substantive under our precedent because we had implicitly held in a prior decision that the provision applied in federal court. 645 F.3d at 1258. We added that we would reach the same conclusion using the outcome determinative test because Rule 1.442(c)(2)(F) "prescribes specific, substantive terms that an offer of judgment must include," and the required terms "matter to the parties because the inclusion or exclusion of

4

attorney's fees is material to an offeree's ability to evaluate an offer." Id. However, we held that Rule 1.442(c)(2)(G), which requires the inclusion of a certificate of service with any offer, was procedural. Id. We concluded that Rule 1.442(c)(2)(G) conflicted with Fed. R. Civ. P. 5(d)(1), and the federal rule was valid under the Rules Enabling Act and the Constitution. Id. at 1259.

Here, the district court did not err in determining that Rule 1.442(b) is substantive for Erie purposes. Rule 1.442(b) provides that "a proposal to a plaintiff shall be served no earlier than 90 days after the action has been commenced." As the district court noted, failure to apply the rule in federal court would allow defendants to present settlement offers earlier in an action, when plaintiffs might not have obtained enough information to determine whether to accept the offer or proceed forward with the case. Rockhill correctly points out that § 768.79 gives courts discretion to deny attorneys' fees if an offer is not made in good faith. Fla. Stat. § 768.79(7)(a). But even if a settlement offer has some reasonable foundation, a plaintiff nevertheless could lack a full evidentiary picture to make a decision about settlement at the beginning of a case. Moreover, a plaintiff would have only 30 days to gather additional evidence because § 768.79 requires written acceptance of an offer within 30 days after service. Id. § 768.79(4). As for Rockhill's argument that these concerns are speculative, we are unpersuaded. A party's ability to offer a settlement proposal at the start of an action, when there

5

has been little time to gather evidence, could be "material to an offeree's ability to evaluate an offer." Horowitch, 645 F.3d at 1258.

Further, failure to apply Rule 1.442(b)'s time limitation in federal court could allow the offering party to collect a greater amount of attorneys' fees than would be available in state court, which would result in inequitable administration of the laws and forum shopping. Burke, 252 F.3d at 1265. Under § 768.79, attorneys' fees are calculated "from the date the offer was served." Fla. Stat. § 768.79(6)(a). If the 90-day waiting period was not applied in federal court, parties could submit settlement proposals earlier and increase the period of time for which they would be entitled to fees. Accordingly, failure to apply Rule 1.442(b) in federal court would increase the amount of fees that rejecting parties have to pay and encourage offering parties to choose federal court in order to increase their entitlement to fees.

In short, we conclude that Rule 1.442(b) applies in federal court because it is substantive for Erie purposes. Horowitch, 645 F.3d at 1257. The parties agree that Rockhill did not comply with the 90-day waiting period found in Rule 1.442(b). Accordingly, the district court did not err in concluding that Rockhill was not entitled to attorneys' fees under § 768.79, and we affirm.

**AFFIRMED.**