[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-15178
Non-Argument Calendar
_____

D.C. Docket Nos. 2:16-cv-00637-WKW-GMB,
2:17-cv-00031-WKW-GMB

MORRIS SANDERS,

Plaintiff-Appellant,

versus

WAL-MART STORES EAST, LP,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(November 5, 2020)

Before ROSENBAUM, NEWSOM, and BLACK, Circuit Judges.

PER CURIAM:

Morris Sanders, proceeding *pro se*, appeals from the district court's denial of his Rule 60(b)(6) motion for relief from judgment originally entered in his employment discrimination suit against his former employer, Wal-Mart Stores East, L.P.   After review,[1] we affirm the district court.

Rule 60(b) motions allow a party to be relieved from a judgment due to: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence" which could not have been discovered earlier "with reasonable diligence"; (3) fraud, misrepresentation, or an adverse party's misconduct; (4) a void judgment; (5) satisfaction, release, or discharge, or the prior judgment's reversal or vacatur, or it would not be equitable to apply the judgment prospectively; or (6) "any other reason that justifies relief."  *See* Fed. R. Civ. P. 60(b)(1)-(6).

"Rule 60(b)(6) [is] the catchall provision of the Rule."  *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006).  These "motions must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief.'"  *Id.* at 1342.  "Even then, whether to grant the requested relief is a matter for the district court's sound discretion."  *Id.* (alteration omitted).  Rule 60(b)(6) "relief . . . is an extraordinary

---

[1]   We "typically review[] a district court's ruling upon a Rule 60(b) motion for abuse of discretion."  *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001).  Under this standard, a party must show, not only that it may have been permissible or warranted to grant the Rule 60(b) motion, but that denying the motion was "sufficiently unwarranted as to amount to an abuse of discretion."  *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Further, "[t]he party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Id.*

The district court did not abuse its discretion in denying Sanders' Rule 60(b)(6) motion. The district court afforded Sanders a full and fair opportunity to litigate his claims before it entered a final judgment against him in 2018, this Court did likewise before resolving his 2019 appeal, and Sanders does not contend otherwise. Notwithstanding the belated identification of two co-workers as witnesses, Sanders' motion does not present the "exceptional circumstances" necessary for this "extraordinary remedy." *See id.* Thus, the district court did not abuse its discretion in denying his Rule 60(b)(6) motion. Accordingly, we affirm.

**AFFIRMED.**