IN THE DISTRICT COURT OF THE UNITED STATES FOR THE 

 MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION 

LASHAWNDA RUSSELL and ) 
W.M., a minor, by and ) 
through his mother, ) 
Lashawnda Russell, ) 
 ) 
 Plaintiffs, ) 
 ) CIVIL ACTION NO. 
 v. ) 2:20cv150-MHT 
 ) (WO) 
LUCIO RAMIREZ-ROQUE and ) 
EL PASO FREIGHT SERVICES, ) 
INC., ) 
 ) 
 Defendants. ) 

 OPINION 

 Plaintiffs Lashawnda Russell and W.M., her minor son, 
brought this lawsuit for injuries sustained in a 
motor-vehicle accident. They name as defendants Lucio 
Ramirez-Roque, the driver of the commercial vehicle 
involved in the accident, and El Paso Freight Services, 
Inc., the owner of the commercial vehicle and 
Ramirez-Roque’s employer. Plaintiffs assert state claims 
against both defendants for negligence and wantonness, 
and state claims against El Paso for negligent and wanton 
entrustment, and negligent and wanton hiring, training, 
supervision, and retention. El Paso properly removed 

this action from state court to this federal court based 
on diversity-of-citizenship jurisdiction. See 28 U.S.C. 
§§ 1332 (diversity), 1441(b) (removal).1 
 The parties have now reached a settlement of the 

case. Because W.M. is 17 years old and thus a minor, the 
parties have asked the court to approve their proposed 
settlement. At the pro ami hearing on November 23, 2020, 

the court heard from both Russell and W.M.; W.M.’s 
court-appointed guardian ad litem; and counsel for the 

 1. As discussed below, plaintiffs Russell and W.M. 
ultimately settled their claims for less than 
$ 75,000.00. This has no bearing on whether diversity 
jurisdiction’s amount-in-controversy requirement is 
satisfied. “A court’s analysis of the 
amount-in-controversy requirement focuses on how much is 
in controversy at the time of removal, not 
later.” Pretka v. Kolter City Plaza II, Inc., 608 F.3d 
744, 751 (11th Cir. 2010). In its notice of removal, El 
Paso made a good-faith allegation that the amount in 
controversy in this case exceeds $ 75,000.00 (exclusive 
of interests and costs), which the plaintiffs did not 
challenge and which the court is independently convinced 
is a reasonable inference from the facts alleged. 
Accordingly, removal jurisdiction based on diversity of 
citizenship is proper under 28 U.S.C. § 1332. 
parties.2 For the reasons described below, the court 
will approve the settlement.3 

 I. BACKGROUND 
 On February 5, 2018, Russell and W.M. were traveling 
north on Interstate-65 in Montgomery, Alabama, between 

West Edgemont Avenue and West Fairview Avenue, when 
Russell’s 2004 Cadillac DeVille was struck from behind 
by a tractor-trailer operated by Ramirez-Roque, as part 

of his employment with El Paso. W.M. suffered upper back 
and elbow pain and received medical treatment over the 
next eight weeks. He has made a full recovery. 
 The parties have proposed to the court a settlement 

of $ 15,000.00 to resolve all of W.M.’s claims and 

 2. Because W.M. is almost an adult, the court 
believed it was appropriate to solicit his views on the 
fairness of the proposed settlement. 

 3. Because the court did not discover that W.M. was 
a minor until the parties presented their proposed 
settlement, the case had to be recaptioned, some 
documents redacted and others sealed, all to protect 
W.M.’s identity and in accordance with Local Rule 
5.2(a)(2) of the United States District Court for the 
Middle District of Alabama. 
damages arising out, or relating to, this accident.4 Out 
of the settlement amount, $ 4,511.87 is to be paid to 

W.M.’s medical providers for outstanding bills and liens 
for treatment rendered. The remainder of the settlement 
funds are to be divided between W.M. and his attorney. 
W.M.’s fee agreement with his attorney provides for a 

40 % contingency fee, calculated before subtraction of 
the medical bills. This would result in the attorney 
receiving a larger cash disbursement from the settlement 

than W.M would. However, the guardian ad litem has 
recommended that the court reduce the attorney’s fee so 
that the attorney does not take home a larger cash 
disbursement than the minor plaintiff. The settlement 

also provides for the dismissal of this lawsuit with 
prejudice. 

 4. The parties have also settled Russell’s individual 
claim for the sum of $ 36,000.00. However, because 
Russell is not a minor, her settlement need not be 
approved by the court. 
 II. LEGAL STANDARD 
 Russell and W.M’s claims against defendants are state 

claims; therefore, Alabama substantive law governs their 
claims. See K.J. v. CTW Transportation Servs., Inc., 
No. 2:18cv19-MHT, 2018 WL 3656305, at *1 (M.D. Ala. Aug. 
2, 2018) (Thompson, J.) (“[Alabama’s state law requiring 

a fairness hearing for settling the claims of a minor 
plaintiff] is a rule of substantive law, which must be 
applied by federal courts sitting in diversity.”) 

(citing Burke v. Smith, 252 F.3d 1260, 1266 (11th Cir. 
2001)). 
 “Alabama law requires that a court hold a 
fairness hearing before a minor plaintiff’s case may be 

settled.” Casey v. Gartland, No. 2:18cvV890-MHT, 2020 
WL 4470444, at *1 (M.D. Ala. Aug. 4, 2020) (Thompson, J.) 
(citing Large v. Hayes by and through Nesbitt, 534 So. 
2d 1101, 1105 (Ala. 1988)) (further citations omitted). 

This hearing must involve “an extensive examination of 
the facts, to determine whether the settlement is in the 
best interest of the minor.” Id., 2020 WL 4470444, at 
*1 (citing Large, 534 So. 2d at 1105) (internal citation 
omitted); see also William E. Shreve, Jr., Settling the 

Claims of a Minor, 72 Ala. Law 308 (2011). “Because a 
minor ordinarily cannot be bound by a settlement 
agreement, a fairness hearing and approval of the 
settlement are required in order for the settlement to 

be ‘valid and binding’ and to ‘bar [] a subsequent action 
[by the minor] to recover for the same injuries.’” Casey, 
2020 WL 4470444, at *1 (citing Shreve, Settling the 

Claims of a Minor, supra, at 310) (internal citation 
omitted). 
 Finally, Fed. R. Civ. P. 17(c)(2) requires the 
appointment of a guardian ad litem for a minor plaintiff 

in a case such as this, but does not prescribe any 
framework for evaluating a settlement of the minor’s 
claim. Id., 2020 WL 4470444, at *1, n.2. 

 III. APPROVAL OF THE SETTLEMENT 
 Having reviewed the pleadings in this case and the 
report of the guardian ad litem, and having heard 
detailed testimony and argument at the pro ami hearing, 
the court finds that the terms and conditions of the 

proposed settlement are in the best interest of W.M. and 
are fair, just, and reasonable under the circumstances, 
with one exception. However, in light of the 
recommendation of the guardian ad litem and after an 

independent assessment of the circumstances, the court 
will adjust the amount of attorneys’ fees from a 40 % 
contingency ($ 6,000) to 34.9 % ($ 5,244.06). The net 

amount to be disbursed to W.M. is therefore increased 
from $ 4,488.13 to $ 5,244.07. The remaining $ 4,511.87 
will be applied to W.M’s medical expenses, per the terms 
of the proposed settlement. 

 First, the decision to settle is logical. While the 
defendants’ liability does not appear to be in dispute, 
there is certainly no guarantee that a jury would render 
a verdict awarding W.M. an amount greater than 

$ 15,000.00. Moreover, even if the jury might award an 
amount greater than the settlement amount, the 
labor-intensive litigation of the various issues involved 
in this case could substantially impact the net recovery 
to W.M. Proceeding to trial would cause plaintiffs’ 

counsel, and thus W.M., to continue accruing expenses in 
the form of administrative fees to facilitate the service 
of Ramirez-Roque pursuant to the Hague Convention; 
deposition fees and transcript costs for any fact 

witnesses; potential travel fees and costs associated 
with plaintiffs’ counsel deposing defendants (both of 
whom are located out of state); and fees for the 

depositions of W.M.’s treating physicians. Therefore, 
the court finds that the decision to settle this case 
prior to the parties engaging in extensive discovery, and 
certainly a jury trial, is reasonable. 

 Second, the court finds that settlement amount of 
$ 15,000.00 to be reasonable in this case. The day after 
the accident, and again a couple days later, Russell took 
W.M. to Montgomery Wellness and Injury, where he 

complained of upper back and elbow pain. Then, after a 
couple more days, W.M. presented at Baptist Medical 
Center South, again complaining of back and elbow pain. 
He underwent x-rays of his back and elbow, which did not 
reveal any fractures or dislocation or any evidence of 

joint effusion. Later that same month, he presented at 
Harmony Wellness & Rehab. He underwent an MRI and six 
physical therapy visits. The MRI revealed no acute 
injury or other injury to his intervertebral discs. He 

has recovered fully and has no long-term or residual 
effects from his injuries sustained in the accident. 
 W.M. did not maintain health insurance at the time 

of the accident and has the following outstanding 
bills/liens: 
 Baptist Health $ 1,493.95 
 Emergency Services of Montgomery 1,176.00 

 Merchants Adjustment Service 73.78 
 Montgomery Wellness & Injury 855.00 
 TriMed Billing Solutions5 7,260.43 
 TOTAL $ 10,859.16 

 Plaintiffs’ counsel has negotiated with some of 
W.M.’s medical providers to accept lower amounts in 

 5. TriMed is a third-party entity that provides 
medical billing services. 
satisfaction of their subrogation claims or liens. 
Baptist Health has agreed to accept $ 971.06 (a 35 % 

reduction) in satisfaction of its hospital lien, 
Merchants Adjustment Service has agreed to accept $ 73.88 
(a 35 % reduction), and TriMed Billing Solutions has 
agreed to accept $ 1,436.43 (nearly an 80% reduction). 

Thus, the total bills to be repaid from W.M.’s settlement 
are $ 4,511.87, with W.M. receiving the benefit of these 
providers accepting a total of $ 6,386.39 less than the 

“retail” amounts owed. 
 At the hearing, the court heard testimony from W.M. 
and Russell that they understand that the remaining 
proceeds are to be used solely for the benefit of W.M. 

 Therefore, in light of the injuries sustained by 
W.M.; the length of time that he received medical 
treatment; his full recovery; and his having all liens 
and subrogation claims satisfied for far less than the 

full amount owed, the court finds that the $ 15,000.00 
settlement is fair and reasonable. 
 Third, the court will address plaintiffs’ counsel’s 
fee. The governing fee agreement provides for a 40 % 

contingency fee, which plaintiffs’ counsel requests that 
the court approve. Under the contingency-fee agreement, 
plaintiffs’ counsel would receive $ 6,000.00, with W.M. 
receiving a net recovery of $ 4,135.47.6 

 The guardian ad litem acknowledges that a 40 % 
contingency fee is reasonable and customary in this 
locality for a lawsuit involving a tractor-trailer 

accident. However, in light of the settlement amount and 
W.M.’s status as a minor, the guardian ad litem 
recommends that plaintiffs’ counsel’s fee be reduced so 
that W.M.’s net recovery is greater than or equal to his 

attorneys’ fees. In light of this recommendation, the 
court will reduce W.M.’s attorneys’ fees to 34.9 %, 
resulting in plaintiffs’ counsel and W.M. receiving 
approximately equal amounts. 

 6. Plaintiffs’ counsel apportioned all of the 
litigation expenses his firm advanced to plaintiffs to 
Russell’s settlement. As such, reimbursement for 
expenses is not at issue in this settlement. 
 To decide whether attorney’s fees are reasonable, 
the court must determine the “lodestar” figure, “that is 

the product of the number of hours reasonably expended 
to prosecute the lawsuit and the reasonable hourly rates 
performed by similarly-situated attorneys in the 
community.” Simpleville Music v. Mizell, 511 F. Supp. 

2d 1158, 1161 (M.D. Ala. 2007) (Thompson, J.) (citing 
Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 
1299 (11th Cir. 1988)). “The fee applicant bears the 

burden of “establishing entitlement and documenting the 
appropriate hours and hourly rates.” Id. at 1162 
(quoting Norman, 836 F.3d at 1303). In determining the 
loadstar, the court applies the 12-factor test set forth 

in Johnson v. Georgia Highway Express, Inc., 488 F.2d 
714, 717-719 (5th Cir. 1974)7 (abrogated on other grounds 
by Blanchard v. Bergeron, 489 U.S. 87 (1989)), and then 
proceeds to analyze whether any portion of this fee 

 7. In Bonner v. City of Prichard, 661 F.2d 1206, 1209 
(11th Cir. 1981) (en banc), the Eleventh Circuit Court 
of Appeals adopted as binding precedent all of the 
decisions of the former Fifth Circuit handed down prior 
to the close of business on September 30, 1981). 
should be adjusted upwards or downwards. Simpleville 
Music, 511 F. Supp. 2d at 1161 (citing Johnson, 488 F.2d 

at 717-19).8 
 Plaintiffs’ counsel calculated the lodestar here to 
be approximately $ 6,490.00, based on his working 13.3 
hours at a rate of $ 400.00 per hour, and paralegal time 

of 5.8 hours at a rate of $ 200.00 per hour. 
 It cannot, however, be ignored that W.M. is a minor. 
Charging a 40 % contingency fee, plaintiffs’ counsel 

stands to recover $ 6,000 in attorneys’ fees, while 
W.M.--not including medical costs--would recover only 
$4,488.13. 

 8. These 12 Johnson factors are: (1) the time and 
labor required; (2) the novelty and difficulty of the 
questions; (3) the skill required to perform the legal 
services properly; (4) the preclusion of other employment 
by the attorney due to the acceptance of the case; (5) 
the customary fee in the community; (6) whether the fee 
is fixed or contingent; (7) time limitations imposed by 
the client or circumstances; (8) the amount involved and 
results obtained; (9) the experience, reputation, and 
ability of the attorneys; (10) the “undesirability” of 
the case; (11) the nature and length of the processional 
relationship with the client; and (12) awards in similar 
cases. Johnson, 488 F.2d at 717-719. 
 At the pro ami hearing, the guardian ad litem 
explained that it is common practice among Alabama 

personal injury lawyers to reduce attorneys’ fees in 
cases regarding a minor plaintiff to less than or equal 
to that of the minor plaintiff’s net recovery, not 
including medical expenses, in a settlement agreement. 

Even when (as here) attorneys for a minor plaintiff 
charge a reasonable fee vis-à-vis the time, effort, and 
skill put into their representation, the optics of an 

attorney walking away from a settlement with more money 
than a minor plaintiff are poor. Because minor 
plaintiffs are uniquely and vulnerably situated, 
adjusting attorneys’ fees in this way reinforces public 

confidence in the legal profession, in the 
trustworthiness of the attorney, and in the ability of 
the courts to do justice equitably. 
 For these reasons, the court will accept the guardian 

ad litem’s recommendation and reduce the amount of 
recoverable attorneys’ fees from 40 % to 34.9 %, 
reflecting a dollar amount of $ 5,244.06, leaving a net 
recovery for W.M. of $ 5,244.07.9 

 Finally, the court finds that guardian ad litem’s 
recommendation concerning the holding and eventual 
disbursement of the proceeds to be in the best interest 
of the minor. The parties acknowledge that the amount 

of W.M.’s net recovery does not warrant the expense of 
establishing a conservatorship or purchasing an elaborate 
investment product, such as an annuity. The guardian 

litem proposes that plaintiffs’ counsel hold W.M.’s 
proceeds in his trust account until May 24, 2021--W.M.’s 
18th birthday--or that plaintiffs’ counsel purchase a 
certificate of deposit that matures on W.M.’s 18th 

birthday. W.M. and Russell testified that W.M. wishes 
to use the settlement funds to purchase a used car 
immediately, even though he does not have a driver’s 

 9. The court reached these figures by subtracting 
the medical costs ($ 4,511.87) from the total $ 15,000 
of the settlement, and dividing the remaining $ 10,488.13 
equally between W.M. and his attorney, for a total of 
$ 5,244.06 each. Since $ 10,488.13 is an odd number and 
cannot be evenly divided by two, one penny was left over, 
which the court apportioned to W.M. as the minor 
plaintiff. 
license, and he has access to his mother’s car. The 
guardian ad litem opposes this. 

 The court accepts the guardian ad litem’s 
recommendation, and W.M. and his mother may collect the 
settlement on a date no sooner than May 24, 2021. 
 Finally, the guardian ad litem, W.M.’s mother, and 

W.M. agree that the settlement amount is in W.M.’s best 
interest.10 
 In sum, the court finds the settlement is fair, just, 

and reasonable, and in the best interest of the minor 
plaintiff W.M., with the modification of attorneys’ fees 
described above. The court will therefore approve the 
settlement with the modification of attorneys’ fees from 

40 % in the proposed agreement to 34.9 % (totaling 
$ 5,244.06). 

 10. Because plaintiffs’ counsel represented that 
Russell’s settlement and W.M.’s settlement were 
negotiated and resolved completely separately, the court 
is not confronted with a “sum zero” conflict in the 
plaintiffs’ counsel representation of both 
plaintiffs--that is, “one plaintiff’s gain could be 
another plaintiff’s loss.” Johnson v. United States, No. 
1:14cv220-MHT, 2016 WL 482034, at *2 (M.D. Ala. 
2016) (Thompson, J.) 
An appropriate judgment will be entered. 
DONE, this the 30th day of November, 2020. 

 /s/ Myron H. Thompson 
 UNITED STATES DISTRICT JUDGE