[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10121
Non-Argument Calendar

_____

D.C. Docket Nos. 1:14-cv-23030-WJZ; 1:13-cr-20727-WJZ-1

MICHAEL ALI BRYANT, SR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 6, 2019)

Before MARCUS, JULIE CARNES and BRANCH, Circuit Judges.

PER CURIAM:

Michael Bryant, Sr., a federal prisoner who is serving a 186-month sentence

for conspiracy to possess with intent to distribute cocaine, possession of

unauthorized access devices, and aggravated identity theft, appeals the dismissal of

his pro se Fed. R. Civ. P. 60(b) motion for relief from the judgment denying his first 28 U.S.C. § 2255 motion to vacate his sentence.  On appeal, Bryant argues that the district court erred in dismissing his Rule 60(b) motion for lack of subject matter jurisdiction as an impermissibly successive § 2255 motion or an untimely Rule 60(b) motion.  After careful review, we affirm.

We review issues of subject matter jurisdiction de novo.  Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007).  We also hold pro se pleadings to a less stringent standard than counseled pleadings, and will liberally construe them "to discern whether jurisdiction to consider [a] motion can be founded on a legally justifiable base."  Fernandez v. United States, 941 F.2d 1488, 1491 (11th Cir. 1991).  However, we do not consider issues that were not before the district court, subject to certain exceptions, not relevant here, where we may exercise our discretion.  Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331-32 (11th Cir. 2004).

We generally review a district court's orders under Rule 60(b) for abuse of discretion.  Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001).  Rule 60(b) provides that a "court may relieve a party . . . from a final judgment, order, or proceeding for [ ] (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [or] (4) the judgment is void."  Fed. R. Civ. P. 60(b)(1)-(2), (4).  A Rule 60(b)(1) and (2) motion must be made within

2

one year of the entry of final judgment.  Fed. R. Civ. P. 60(c)(1).  By contrast, a Rule 60(b)(4) motion must be filed within a "reasonable time."  Id.  What constitutes a reasonable time is determined by considering "whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner."  BUC Int'l Corp. v. Int'l Yacht Council Ltd., 517 F.3d 1271, 1275 (11th Cir. 2008) (quotation omitted).

A district court does not have jurisdiction to review a federal prisoner's successive § 2255 motion, unless that motion is first certified by the appropriate Court of Appeals.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).  A Rule 60(b) motion is a successive § 2255 motion if it seeks to add a new ground for relief or attacks the district court's prior resolution of a claim on the merits, but not when it attacks a defect in the integrity of the § 2255 proceedings.  Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) (addressing a Rule 60(b) motion in the 28 U.S.C. § 2254 context); Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc) (applying Gonzalez in the § 2255 context), overruled on other grounds by McCarthan v. Dir. of Goodwill Indus. Suncoast, Inc., 851 F.3d 1076 (11th Cir. 2017) (en banc).

Generally, to attack a defect in the integrity of the § 2255 proceedings, and escape treatment as an impermissibly successive § 2255 motion, the Rule 60(b) motion must allege a fraud on the court, or allege a procedural error that prevented

3

the court from reaching the merits of the § 2255 motion. See Gonzalez, 545 U.S. at 532 & nn.4-5; Williams, 510 F.3d at 1295. For example, in Gonzalez, the Supreme Court ruled that we erred in holding that the petitioner did not qualify to seek Rule 60(b) relief when his motion challenged only the district court's statute-of-limitations ruling, which prevented a disposition on the merits of his § 2254 claim. 545 U.S. at 535-36, 538.

Here, the district court did not err in dismissing Bryant's Rule 60(b) motion either for lack of subject matter jurisdiction as an impermissibly successive § 2255 motion, or as an untimely Rule 60(b) motion. See 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); Fed. R. Civ. P. 60(c)(1); Farris, 333 F.3d at 1216. In his motion, Bryant claimed that the magistrate judge's report and recommendation on his prior § 2255 motion failed to address his argument that, pursuant to United States v. Shannon, 631 F.3d 1187 (11th Cir. 2011), his Florida conviction for conspiracy to distribute cocaine was not a career offender predicate offense. To the extent Bryant's argument was an attack on the magistrate judge's merits resolution of the second ground for relief in his prior § 2255 motion, his Rule 60(b) motion was an impermissibly successive § 2255 motion. See Gonzalez, 545 U.S. at 531-32; Gilbert, 640 F.3d at 1323.

To the extent, however, that Bryant's motion argued that the magistrate judge failed to reach the merits of one of the claims in his prior § 2255 proceeding, thereby

4

attacking a defect in the integrity of the prior proceeding, it was a true Rule 60(b) motion.  See Gonzalez, 545 U.S. at 531-32; Gilbert, 640 F.3d at 1323.  But even if it was a true Rule 60(b) motion, it was untimely.  See Fed. R. Civ. P. 60(c)(1). Notably, Bryant's motion was an untimely Rule 60(b)(1) or (2) motion because he filed it more than a year after the district court issued its order denying his prior § 2255 motion.  See id.  Moreover, Bryant's motion was an untimely Rule 60(b)(4) motion because he did not present any arguments that his motion was filed within a reasonable time.  See BUC Int'l Corp., 517 F.3d at 1275.  Because it was untimely whether it was a Rule 60(b)(1), (2), or (4) motion, we need not resolve which Rule 60(b) motion Bryant was attempting to raise.

In short, the district court did not err in dismissing Bryant's motion because we did not grant authorization for him to file a successive § 2255 motion, and, even if construed as a true Rule 60(b) motion, it was untimely.

**AFFIRMED**.