[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14224
Non-Argument Calendar

_____

D.C. Docket No. 0:17-cv-61597-JEM

ERIC FERRIER,

Plaintiff-Appellant,

versus

CASCADE FALLS CONDOMINIUM ASSOCIATION, INC.,
BANK OF AMERICA, NA
LISA KEHRER,
TODD STOLFA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 15, 2020)

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Eric Ferrier, proceeding *pro se*, appeals the district court's dismissal of his civil action for lack of subject matter jurisdiction. The 48-page civil complaint against Cascade Falls Condominium Association, Bank of America, and two individuals—Todd Stolfa and Lisa Kehrer—raised a variety of claims related to and arising from state foreclosure proceedings on Ferrier's condominium and related loan in 2012 and 2014.[1] Among the relief requested, Ferrier sought an evidentiary hearing as to the authenticity of the mortgage assignment, a declaration that the loan servicer had no mortgage interest in the property, injunctive relief barring any and all persons from asserting or claiming an interest in the property adverse to Ferrier's title, and compensatory and punitive damages.[2] On appeal, he

---

[1] Specifically, Ferrier alleged (1) discrimination under the Fair Housing Act ("FHA"), 42 U.S.C. § 3604 *et seq*., and Fair Housing Amendments Act; (2) fraud in violation of 11 U.S.C. § 548 and 18 U.S.C. § 1344; (3) fraudulent representations in violation of Uniform Commercial Code § 2-314 and Fla. Stat. § 718.203; and (4) unfair or deceptive acts or practices in violation of 15 U.S.C. § 45, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and an unidentified statute purportedly entitled the "Federal Consumer Fraud and Deceptive Business Practices Act."

[2] We note that this is Ferrier's third-filed federal action related to the foreclosure proceedings. He first filed a federal complaint against Bank of America in 2015, which was dismissed without prejudice due to his failure to pay the filing fee. Thereafter, in 2016, upon the dismissal of his motion to reopen the state court proceedings, Ferrier filed a "notice of removal" with an attached "counterclaim and complaint," which is very similar to the underlying complaint here. The district court ultimately remanded the case to state court, noting that the removal was untimely and the complaint did not raise viable claims under either federal question or diversity jurisdiction. Ferrier subsequently filed the underlying complaint in 2017. Notably, Ferrier has continuously pursued various legal actions against defendant Cascade Falls Condominium Association which have been adversely determined against him, and he has been

2

presents several arguments in support of his claim that the district court erred in dismissing his action.  Because we conclude that the district court did not err in dismissing the action for lack of subject matter jurisdiction, we affirm.

Under the *Rooker-Feldman*[3] doctrine, district courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1072 (11th Cir. 2013) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see also* 28 U.S.C. § 1257(a) (vesting the authority to review final state court judgments exclusively in the Supreme Court of the United States). The *Rooker-Feldman* doctrine applies "both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009).  "A claim is inextricably intertwined with a state court judgment if it would 'effectively nullify' the state court judgment or it 'succeeds only to the extent that the state court wrongly

---

declared a "vexatious litigant" under Florida law and is prohibited from initiating any *pro se* actions in Florida's 17th Judicial Circuit without leave of the courts.

[3] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. Of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

3

decided the issues.'" *Id.* (internal citation and quotations omitted). We review *de novo* a district court's determination that it lacked subject matter jurisdiction. *Id.*

Here, Ferrier was a "state-court loser" with respect to the state foreclosure proceedings regarding his condominium—proceedings which had completed before Ferrier filed the underlying federal action. And, as set forth above, the relief requested by Ferrier in his complaint clearly invited the district court to review and reject the state court's judgments in the foreclosure proceedings. Thus, pursuant to *Rooker-Feldman*, the district court correctly concluded that it lacked jurisdiction over Ferrier's complaint.[4]  *Lozman*, 713 F.3d at 1072; *Casale*, 558 F.3d at 1260.

Ferrier asserts that the district court could not dismiss the case because he had already obtained a default judgment against defendants Stolfa and Kehrer due to their failure to respond to the complaint, but the existence of a default judgment cannot overcome a lack of subject matter jurisdiction. Indeed, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See* Fed. R. Civ. P. 12(h)(3). Moreover, any judgment

---

[4] Ferrier argues that the district court deprived him of his right to access the courts by staying his request for discovery and then dismissing his cause of action for lack of subject matter jurisdiction. We reject this argument outright. While occasionally limited discovery may be necessary to resolve certain jurisdictional questions, Ferrier has not asserted such discovery was necessary in this case. Furthermore, we have encouraged courts to resolve jurisdictional questions and eliminate legally unsupported claims "before the discovery stage, if possible," so as to avoid wasting judicial resources and causing the parties to bear unnecessary costs. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997).

rendered when the court lacked jurisdiction is void and without legal effect. *See Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (explaining that, under the Rules of Civil Procedure, certain fundamental defects render a judgment void, including if the district court lacked subject matter jurisdiction when it entered the judgment).

Ferrier also argues that his case should be permitted to proceed because it is an "independent action" seeking relief from the state court judgments, pursuant to Rule 60(d) of the Federal Rules of Civil Procedure, based on fraud upon the court. But we have not recognized a fraud exception to the *Rooker-Feldman* doctrine, and we decline to do so now. Indeed, such an exception would effectively gut the doctrine by permitting litigants to challenge almost any state-court judgment in federal district court merely by alleging that "fraud" occurred during the state-court proceedings.

Accordingly, for the reasons set forth above, we conclude the district court properly dismissed Ferrier's cause of action for lack of subject matter jurisdiction.[5]

**AFFIRMED.**

---

[5] Because we conclude that the district court properly dismissed the complaint for lack of subject matter jurisdiction, we do not reach Ferrier's claim that his lawsuit is not frivolous, that his filings are not abusive, and that he in fact stated facially plausible claims sufficient to survive a motion to dismiss for failure to state a claim. Finally, to the extent Ferrier raises a new claim in his reply brief concerning the Appellee's alleged failure to not serve all the defendants, we do not consider this claim. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[W]e do not address arguments raised for the first time in a *pro se* litigant's reply brief.")